IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THURMAN MEARIN,<br>               Plaintiff,<br><br>vs.<br><br>LOUIS FOLINO, Superintendent,<br>ROBERT B. MACINTYRE, Chief Hearing<br>Examiner, F. NUNEX, Hearing Examiner,<br>SUSAN COWAN, Program Review<br>Committee, ROBERT DIETZ, Program<br>Review Committee, Mike Ivan, Program<br>Review Committee, MAJOT LORINDA<br>WINFILED, LT. E. GREGO, LT. ROBERT<br>L. KENNEDY, LT. S.P. DURCO,<br>WALLACE DITTSWORTH, Food<br>Manager, CARLA SWARTZ, Unit<br>Manager, PAUL PALYA, Unit Manager,<br>DORINDA VARNER, Chief Grievance<br>Officer, M. DIALESANDOR, Program<br>Review Committee, DR. YANAKS,<br>Psychologist, DAN DAVIS, Assistant<br>Superintendent, SGT. YOUNKIN, R.H.U.,<br>COL. WILCHER, R.H.U., COL.<br>MARTAIN, R.H.U., COL. GIFFORD,<br>R.H.U., COL. MOORE, COL.<br>HARKLEROAD, LT. D. MITCHELL,<br>COL. W. SHAWLEY. R.H.U., COL.<br>KNIGHT, R.H.U., COL. BARCHIESI,<br>R.H.U., COL. A. SHAWLEY, R.H.U,<br>PETE VIDONISH, Unit Manager, Program<br>Review Com.<br>               Defendants. | Civil Action No. 11-571<br>Magistrate Judge Maureen P. Kelly<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Re: ECF Nos. 88 |

ORDER

Plaintiff, Thurman Mearin ("Plaintiff"), is a state prisoner in the custody of the

Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State

Correctional Institution at Greene ("SCI Greene"). Plaintiff has filed this civil rights suit

pursuant to 42 U.S.C. § 1983, alleging that Defendants have engaged in a campaign of

harassment and retaliation against him for filing various grievances and lawsuits against various DOC staff members. ECF No. 23.

Presently before the Court is a Motion for an Order Compelling Discovery ("the Motion"), wherein Plaintiff asks the Court to compel Defendants to comply with six different requests for documents and to issue an order requiring Defendants to pay him $500.00 as compensation for the expense of filing the Motion since Defendants had no justification for refusing to provide Plaintiff with the requested documents in the first instance. ECF No. 88. Although the Motion is dated July 20, 2012, it was not received or docketed by the Clerk's Office until October 24, 2012. Id.

In the interim, however, Plaintiff submitted two other motions seeking to compel discovery, ECF Nos. 68, 70, in which he requested an Order compelling Defendants to produce largely the same documents at issue in the instant Motion. Those requests were thoroughly addressed and denied by the Court in a Memorandum Order filed on October 24, 2012. See ECF No. 88, ¶¶ 2, 3, 4, 5; ECF No. 78, pp. 7, 8, 9, 12. Thus, to the extent that Plaintiff's instant requests are duplicative of those already denied by the Court, they are dismissed as moot.

Plaintiff, however, has also asked for any internal disciplinary files concerning Defendants from 2003 to the present, and a document called "The Morning Count Sheet for Unit DA," dated October 27, 2009, that he did not seek in his subsequent motions. ECF No. 88, ¶¶ 1, 6. Plaintiff, however, has not argued that, or demonstrated how, the latter document is relevant to his claims. The Motion thus is denied as to Plaintiff's request for the Morning Count Sheet. See Option One Mortgage Corp. v. Fitzgerald, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009) ("[t]he party seeking the order to compel must demonstrate the relevance of the information sought").

With respect to Defendants' internal disciplinary files, although Plaintiff represents that these files are relevant to "show a pattern of prior behavior . . . which Plaintiff mention[ed] in his complaint," ECF No. 88, ¶ 1, review of the operative Complaint is to the contrary.  The only mention of a "pattern" in the Complaint is Plaintiff's assertion that he "can show a pattern of retaliation *against him* by Defendants who are deliberately subjecting [*him*] to a substantial risk of being assaulted by [his] cellmates and creating a hostile environment," and that generally "[f]ood is withheld as punishment for those who complain . . . ."  ECF No. 23, ¶¶ 35, 72 (emphasis added).  Plaintiff, however, has not alleged that Defendants engaged in a pattern of prior behavior that has subjected other inmates to the risk of assault or creates a hostile environment.  Nor has Plaintiff alleged that any of the Defendants have been previously disciplined for theft of inmate property, food starvation, harassment and retaliation, mail tampering or falsification of documents.  Indeed, Plaintiff concedes that Defendants' disciplinary files are only relevant because they could *possibly* show a pattern of prior behavior.  ECF No. 88, ¶ 1.  Absent any allegations that Defendants engaged in and were disciplined for specific prior behavior relative to Plaintiff's claims, Defendants' disciplinary files are irrelevant.

Having found that Plaintiff's discovery requests either have already been addressed and denied or are irrelevant, it follows that Plaintiff is not entitled to compensation for the expense of filing the Motion.  Accordingly, the following Order is entered:

AND NOW, this 1st day of November, 2012, upon consideration of Plaintiff 's Motion For An Order Compelling Discovery, ECF No. 88, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Thurman Mearin
AM-8063
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

All counsel of record by electronic filing